UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN M. MAURER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:13CV519 TIA |
| | ) | |
| CHICO'S FAS INC. and WHITE HOUSE | ) | |
| BLACK MARKET, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend (Docket No. 18).  The parties

consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

On March 8, 2013, Plaintiff Erin Maurer, a former assistant manager at one of Defendants'

White House Black Market stores, filed a Petition in the Circuit Court of St. Louis County against

Defendants Chico's FAS Inc. and White House Black Market, Inc. alleging (1) retaliation in violation

of the Missouri Human Rights Act ("MHRA"); (2) retaliation in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended ("Title VII"); (3) retaliation in violation

of the Fair Labor Standards Act ("FLSA"); and (4) wrongful discharge in violation of Missouri

common law.  Defendants timely removed this case to the district court on March 19, 2013, based

on federal question jurisdiction.

The Court entered the Case Management Order on June 3, 2013 based on the Joint

Scheduling Plan filed by the parties on May 30, 2013.   The Case Management Order established a

June 21, 2013 deadline for amending pleadings or joining additional parties, a discovery deadline of

January 10, 2014, and a dispositive motion deadline of February 7, 2014.  On June 20, 2013, Plaintiff filed a Motion to Amend seeking leave to file a First Amended Complaint adding two additional defendants, both direct supervisors,  Mary Beth Garozzo, the store manager at store in which Plaintiff worked, and Marlene R. Dipasquale, a district sales manager, as individual defendants in this action, arguing that the proposed amendment does not cause undue delay, is not made in bad faith, and will not unduly prejudice Defendants.

## Discussion

Rule 15(a) governs amendments to pleadings, providing, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  However, the court may properly deny a party's motion to amend its complaint when such an amendment would unduly prejudice the non-moving party or would be futile.  Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)).  Moreover, an amendment of the pleading changing a party or the naming of a party relates back to the original filing date when the conditions of Rule 15(c) are satisfied.  There is no absolute right to amend a pleading, and a finding of "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" may be grounds for denying a motion to amend.  Id. (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)).  "When a court denies a motion to amend complaint 'on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand' a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P."  Bakhtiari v. Beyer ,2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008) (citing In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007)).

Defendants argue that the motion should be denied because amendment would be futile.  A motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962); Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008).  "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)).

Defendants argue that the amended complaint would not survive a motion to dismiss for four main reasons: (i) Plaintiff failed to timely add Garozzo and Dipasquale as defendants to this action, and the proposed amendment cannot relate back to the filing of her Petition;  (ii) Garozzo and Dipasquale cannot be individually liable under Title VII; (iii) Garozzo and Dipasquale are not employers under FLSA; and (iv) Garozzo and Dipasquale are not subject to liability for Plaintiff's wrongful termination.

The Court finds that granting Plaintiff's Motion to Amend her Complaint would be futile. Because the proposed amended complaint would be futile, the Court will deny Plaintiff's motion for leave to file an amended complaint.

### A. Plaintiff's proposed amendment to add Garozzo and Dipasquale as defendants to her MHRA and Title VII retaliation claims.

### 1. Timeliness

Plaintiff failed to timely add Garozzo and Dipasquale as defendants to this action, and the proposed amendment cannot relate back to the filing of her Petition.

In August 2012, Plaintiff dually filed a Charge of Discrimination with the Missouri Commission of Human Rights ("MCHR") and the EEOC, alleging claims of discrimination based on sex and retaliation.  On December 12, 2012, the MCHR issued a Notice of Right to Sue pursuant to the MHRA.  (ECF No. 18-2).  In relevant part, the Notices states:

> **IF YOU DO NOT FILE A CIVIL ... ACTION RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE ... YOUR RIGHT TO SUE IS LOST.**

(Id.) (emphasis in original).  Both Garozzo and Dipasquale were named in the Notice.  Although Plaintiff had until March 10, 2013, to file her MHRA claims against Garozzo and Dipasquale, she did not do so.

In the March 13, 2013, Dismissal and Notice of Rights, the EEOC closed its file on Plaintiff's charge and apprised Plaintiff as follows:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

(ECF. No. 21, Exh. 1).  Although Plaintiff had until June 11, 2013, to file her Title VII claims against Garozzo and Dipasquale, she failed to do so.

The aggrieved person must file her lawsuit within ninety days after receiving notice of the EEOC's determination.  42 U.S.C. § 2000e-5(f)(1) (establishing ninety-day period for filing suit under Title VII).  "Failure to file within 90 days bars the action, unless the plaintiff can establish a basis for equitable tolling or equitable estoppel."  Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008).  Although the 90-day limitation is subject to equitable tolling in exceptional circumstances, Plaintiff has not demonstrated that any of those apply here.  There is no "mistake of identity" here that would justify equitable tolling in this case.  The MHRA requires an aggrieved party to file a complaint within

90 days of the date of the Notice of Right to Sue or the right to sue is lost.  Mo. Rev. Stat. § 213.111(1); Hammond v. Mun. Corr. Inst., 117 S.W.3d 130, 139 (Mo. Ct. App. 2003).  If a party attempts to assert a claim under the MHRA more than ninety days after receiving a Notice of Right to Sue, the claims is time barred.  Hammond, 117 S.W.3d at 138-39.

On March 8, 2013, Plaintiff filed the instant Petition in the Circuit Court of St. Louis County against Chico's FAS, Inc. and White House Black Market, Inc., alleging retaliation claims under both the MHRA and Title VII.  (ECF No. 1-1).  In the amended complaint, Plaintiff seeks to add Garozzo and Dipasquale as individual defendants to her retaliation claims under the MHRA and Title VII. Plaintiff filed the Motion to Amend on June 20, 2013.  (ECF No. 18).  The Court agrees with Defendants' contention that Plaintiff's Title VII and MHRA claims against Garozzo and Dipasquale are time barred, and her motion to amend is futile to the extent she seeks to add MHRA and Title VII claims against Garozzo and Dipasquale.

## 2.  Relate-back doctrine

Although Plaintiff attempts to argue that the amendment adding the individual defendants should relate back to the timely filed petition under Fed.R.Civ.P. 15(c), Plaintiff has not demonstrated that the requirements of that rule have been satisfied.

"Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading 'whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth ... in the original pleading.'" Johnson v. City of Kansas City, MO, 2008 WL, at *2 (W.D. Mo. Jan. 4, 2008).  Plaintiff's original petition was filed within the ninety-day period specified by the MHRA and Title VII.  "The rationale behind Rule 15(c)(2) is that 'a party who has been notified of litigation concerning a particular occurrence has been given all the

notice that statutes of limitations were intended to provide.'" <u>Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers</u>, Dist. 949, 309 F.3d 1051, 1052 (8th Cir. 2002).

Federal Rule of Civil Procedure 15(c)(1)(C) provides in relevant part:

(c)  Relation Back of Amendments.

> (1) When an Amendment Related Back.  An amendment to a pleading relates back to the date of the original pleading when:
>> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (C).  Defendants' contention that the newly-added plaintiffs cannot satisfy all of the elements of Rule 15(c)(3) is with merit.

Irrespective of whether the newly-added defendants satisfy the first two requirements, they cannot satisfy the third.  Rule 15(c) bars a new plaintiffs' claims to relate back to the original filing date unless there was a "mistake concerning the identity of the proper party." Fed. R. Civ. P. 15(c).  A mistake concerning the identity of the newly-named party is a requirement for an amended complaint to relate back to an original complaint.  <u>See</u>, <u>e.g.</u>, <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 467 n. 1 (2000) (mistake of identity essential element of Rule 15(c)(3) standard).  Plaintiff fails to claim a mistake concerning the new defendants' identities and so the claims do not relate back to the original filing date.  <u>Sandoval v. Am, Bldg. Maint. Indus., Inc.</u>, 578 F.3d 787, 792 (8th Cir. 2009) (affirming the district court's order holding the amendment was untimely and no mistake could cause the failure to a timely complaint when the plaintiffs were aware of the identity of the proposed

- 6 -

defendant for nearly two months before the statute of limitations expired before filing the amended complaint).

The final condition of Rule 15(c) requires the plaintiff to show that within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." In Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 130 S.Ct. 2485 (2010), the  Supreme Court addressed the requirement of Rule 15(c) and held that the relation back  under Rule 15(c)(1)(C) "depends on what the party to be added knew or should have known, not the amending party's knowledge or its timeliness in seeking to amend the pleading." Id. at 2490.  The Supreme Court opined:

> Because the complaint made clear that [plaintiff] meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured ... and also indicated (mistakenly) that Costa Cruise performed those roles ... Costa Crociere should have known, with the Rule 4(m) period, that it was not named as a defendant in that compliant only because of [plaintiff's] misunderstanding about which "Costa" entity was in charge of the ship – clearly a "mistake concerning the proper party's identity."

Id. at 2497.

The only question under Rule 15(c)(1)(C)(ii), then, is whether Garozzo and Dipasquale know or should have known that, absent some mistake, the action would have been brought against them. There is no dispute that Plaintiff is attempting to add Garozzo and Dipasquale as defendants in this action after the 90-day right to sue period expired.  There is no allegation of a "mistake concerning the proper party's identity."  Applying the principles of Krupski to the facts of this case, it is clear that the amended complaint naming Garozzo and Dipasquale as defendants does not relate back under Rule 15(c)(1)(C)(ii).

Plaintiff's failure to include Garozzo and Dipasquale as defendants when she instituted the action was not due to a mistake in identifying the proper defendant, rather, Plaintiff chose not to include the individual defendants in her suit.  Coupled with the fact that the proposed defendants were named in her Charge of Discrimination, Plaintiff was obviously aware of the identity of Garozzo and Dipasquale at the inception of the lawsuit and made a choice not to name them as defendants.  This is an instance not of mistaken identity but of a strategic legal decision.  This is not the type of "mistake" encompassed by Rule 15(c)'s relation-back provision.  See Shea v. Esensten, 208 F.3d 712 (8th Cir. 2000).  Accordingly, the relation back provisions of Rule 15(c) do not apply to the proposed amended complaint adding Garozzo and Dipasquale as defendants.  Even if the Court found Plaintiff's proposed amendment could relate back to her original petition, the Court finds in the alternative, the proposed amendments would be futile.

### B. Plaintiff's proposed amendment to add Garozzo and Dipasquale as defendants to her Title VII retaliation claim.

Defendants next contend that Garozzo and Dipasquale cannot be individually liable under Title VII.  Garozzo and Dipasquale are not proper defendants to Plaintiff's Title VII retaliation claim because supervising employees may not be held individually liable under Title VII.  See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377, 381 (8th Cir. 1995) (holding "supervisors and other employees cannot be held liable under Title VII in their individual capacities.").  Here, Plaintiff's proposed amendment seeks to add Garozzo and Dipasquale in their individual capacities to her Title VII retaliation claim. Accordingly, the Court finds the proposed amendment is futile inasmuch as they cannot be held liable under Title VII and will deny

Plaintiff's motion to amend inasmuch as the proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6).

### C. Garozzo and Dipasquale as Individuals were not employers under FLSA

Defendants contend that Garozzo and Dipasquale were not employers within the meaning of the FLSA and thus cannot be held individually liable.

In the amended complaint, Plaintiff alleges Garozzo and Dipasquale were "employers" under FLSA and may be held individually liable.[1]

The FSLA defines "employee" as "any individual employed by the employer." 29 U.S.C. § 203(d). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Because the FLSA defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer. The Supreme Court has noted that whether a relationship is covered by the FLSA turns on the economic realities of the working relationship rather than technical definitions relating to employment. Goldberg v. Whitaker House Coop., 366 U.S. 28, 32-33 (1961) (explaining that the "economic reality" rather than the "technical concept" is to be the test for employment and finding that co-operative was employer of members who completed piece-work at home). Individual liability as an employer under the FLSA is determined through actual involvement in the day-to-day activities such as possessing the power to control the workers in question, with an eye to the "economic reality" presented by the facts of each case. Id.; Wirtz v. Pure Ice Co., 322 F.2d 259, 263 (8th Cir. 1963) (holding that a combination of

---

[1]The undersigned notes that Plaintiff in the instant Petition for Unlawful Discrimination Practices Under the Missouri Human Rights Act and Title VII alleged that "[a]ll of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency or employment." (ECF No. 1-1, at ¶ 13).

stock ownership, management, direction and the right to hire and fire employees would "well support" a finding of employer status); <u>Donovan v. Tony & Susan Alamo Found.</u>, 722 F.2d 397, 400 n.8 (8th Cir. 1983) (applying "economic reality" test to determine that religious foundation was employer of laborers under FLSA). The First Circuit has identified several economic factors relevant to the analysis, "including the individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and the role in causing the corporation to compensate or not compensate employees in compliance with the FLSA." <u>Rikard v. U.S. Auto Prot.</u>, LLC, 2013 WL 5298460, at * 3 (E.D. Mo. Sept. 20, 2013) (quoting <u>Saunders v. Ace Mortg. Funding, Inc.</u>, 2007 WL 4165294, at *4 (D.Minn.  Nov. 16, 2007) (citing <u>Baystate Alternative Staffing, Inc. v. Herman</u>, 163 F.3d 668, 677-78 (1st Cir. 1998)).

Applying these standards, the Court finds no employer liability under the FLSA as to the proposed individual defendants because Plaintiff has not alleged that either Garozzo or Dipasquale was empowered to make termination decisions and to control Plaintiff.  In the amended complaint, the only allegations specifically directed to Garozzo and Dipasquale as being an "employer" is the following: "because she was directly acting in the interest of Defendants and directly participated in the unlawful discriminatory practices."  (Amend. Compl. at ¶¶ 13, 15).  The amended complaint is devoid of any allegations regarding any ownership of Defendants, the authority to make decisions concerning business of Defendants, or the ability to hire or fire employees.  The mere allegation that Garozzo and Dipasquale were employers is insufficient to establish employer liability under the FLSA.  Accordingly, the Court finds that neither Garozzo nor Dipasquale qualifies as an employer within the meaning of the FLSA and the proposed amendment seeking to allege claims against Garozzo and Dipasquale as employers under the FLSA would be futile.

**D. Garozzo and Dipasquale were not Plaintiff's Employer in Their Individual Capacities.**

Defendants argue that Garozzo and Dipasquale are not subject to liability for Plaintiff's wrongful termination.

In Missouri, an employer may discharge an at-will employee for any reason or for no reason without liability for wrongful discharge. Taylor v. St. Louis Cnty. Bd. of Educ. Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). The Missouri Supreme Court has adopted the following public-policy exception to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010). If an employee is terminated by an employer for either reason, then the employee has a tort cause of action against the employer for wrongful discharge pursuant to the public-policy exception. Id. The Eighth Circuit Court of Appeals has noted that Missouri law does not "consider individuals who merely supervise an employee as employers for the purpose of wrongful discharge claims." Taylor, 625 F.3d at 1029 n.3.

In the amended complaint, Plaintiff asserts wrongful termination claims against Garozzo and Dipasquale as her "'employer' within the meaning of Mo. Rev. Stat. § 213.010(7)." Neither Garozzo nor Dipasquale was Plaintiff's employer in their individual capacity. Plaintiff does not allege that when acting in their individual capacities had the right to exercise control over Plaintiff to establish the employer relationship. Courts interpreting Missouri law have refused to consider individuals who merely supervise an employee as an employer for the purpose of the wrongful discharge claims. See

- 11 -

Taylor, 625 F.3d at 1027 ("Missouri law allows a former employee to maintain a public-policy wrongful discharge cause of action only against a former employer."); Irvine v. City of Pleasant Valley, 2010 WL 1611030, *3 (W.D. Mo. April 21, 2010);  Mobley v. City of O'Fallon, Cause No. 4:06cv1566JCH, *9 (E.D. March 30, 2007)(finding the claim of wrongful termination is only available against plaintiff's actual former employer, not supervisors).  The case law is clear that not even a supervisor is an "employer" for purposes of a wrongful termination action.  See e.g. U.S. ex rel Lamar v. Burke, 894 F.Supp. 1345, 1348 (E.D. Mo. 2005).  Although the Missouri Supreme Court had not yet clarified who is considered an employer for purposes of state wrongful discharge claims, the Taylor court noted that other courts interpreting Missouri law have "refused to consider individuals who merely supervise and employee as employers for purpose of wrongful-discharge claims." Taylor, 625 F.3d at 1029 n.3.  Accordingly, this Court sees no reason to depart from the Eighth Circuit precedent on this issue by extending such liability to individual defendants and finds the proposed amended complaint adding Garozzo and Dipasquale in their individual capacities to her common law claim for wrongful discharge to be futile.  See also Wellman v. Whole Foods Mkt. Grp., Inc., 2011 Wl 768405, *2 (E.D. Mo. Feb. 28, 2011) (finding no support that Missouri recognizes individual liability for a supervisor or a manager under the public-policy exception of the at-will employment doctrine).

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (Docket No. 18) is **DENIED**.

_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated this __6th__ day of December, 2013.