UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN M. MAURER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV519 TIA |
| | ) |
| CHICO'S FAS INC. and WHITE HOUSE BLACK MARKET, INC., | ) ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel (Docket No. 29) Plaintiff Erin M. Maurer to produce certain medical records, tax forms, and employment records. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### **Background**

In this employment discrimination action, Plaintiff Erin Maurer, a former assistant manager at one of Defendants' White House Black Market stores, asserts unlawful discrimination by retaliation in violation of the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Fair Labor Standards Act ("FLSA"), and wrongful termination. Plaintiff asserts that this action resulted in lost wages and employment opportunities, reduced future earning capacity, embarrassment, humiliation, damage to reputation, emotional distress of a garden variety, and mental distress and anguish, for which she seeks actual and punitive damages.

**Discussion**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to obtain discovery regarding any matter, not privileged, which is "relevant to the subject matter involved in the pending action." At the discovery stage of the litigation, the evidence sought need only be relevant, and "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Medical Information and Documents

Plaintiff contends that inasmuch as she is seeking recovery of "emotional distress of a garden variety" and not damages for medical and psychological conditions and not relying on medical expert testimony, Defendants are not entitled to detailed information regarding her medical conditions. As explained by Judge Fleissig in an employment discrimination case wherein plaintiff sought actual and punitive damages for lost wages, embarrassment, humiliation, and physical and emotional distress, the phrase "garden variety emotional distress" is used to describe "ordinary and commonplace emotional distress, that is "simple or usual" as compared to complex distress resulting in a specific psychiatric disorder. Eggering v. MHP, Inc., 2011 WL 6029956, at *2 n.1 (E.D. Mo. Dec. 5, 2011) (quoting Fitzgerald v. Cassil, 216 F.R.D. 632, 637 (N.D. Ca. 2003)). Judge Fleissig found plaintiff's medical records to be relevant and discoverable noting that "the materials may become relevant to establish, depending on the evidence Plaintiff presents at trial to support a claim for emotional distress damages, that there were causes other than her termination that caused her emotional distress." Eggering, 2011 WL 6029956, at *2. Although Judge Fleissig found the records sought might lead to the discovery of admissible evidence, she concluded "[w]hether Defendant will ultimately be permitted to use any such evidence at trial will be subject to later determination." Id. Accordingly,

the Court will order Plaintiff to answer Interrogatory 18 and execute a medical record release from January 1, 2008 to the present.

Tax Documents

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Although federal courts generally resist discovery of tax returns, a showing of good cause can lead a court to decide tax returns are discoverable. See Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Taylor v. Atchison, Topeka and Santa Fe Ry. Co., 33 F.R.D. 283, 286 (W.D. Mo. 1962). To determine whether disclosure is appropriate, most courts apply a two-part test. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006). First, the court must determine whether the tax returns are relevant. Id. If so, then the question becomes whether there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source. Id..

Defendant now moves to compel this discovery. But there is ample reason to conclude the tax returns are relevant in this employment discrimination litigation. For instance, where adverse employment actions led to demotions or dismissal, then pecuniary damages may be calculated from the amount by which the employee's earnings were reduced. See generally Excel Corp. v. Bosley, 165 F.3d 635, 638-40 (8th Cir. 1999) (explaining pecuniary damages for front pay and back pay in Title VII actions). In a termination case, the employee must mitigate damages, and thus post-termination earnings may show the employee's efforts to satisfy this obligation. See Sellers v. Mineta, 358 F.3d 1058, 1066 (8th Cir. 2004); EEOC v. Chemsico, 203 F.R.D. 432, 434 (E.D.Mo.

2001) (in an employment discrimination action, tax returns are discoverable and ordered to be produced for the three years preceding plaintiff's termination and one year thereafter).

Here, it is clear that the tax returns sought are relevant. See Sowers v. Gatehouse Media Mo. Holdings, 2009 WL 1106946, at *2 (E.D. Mo. April 23, 2009) (ordering the plaintiff in a discriminatory termination action claiming lost wages and benefits to produce her state and federal income tax returns for four years, with supporting schedules and W2s). Even applying the two-prong test, Plaintiff has not met her burden of showing that the information in the tax returns is readily obtainable from records previously disclosed. Because tax returns are evidence of Plaintiff employee's earnings, they are relevant to these issues. Accordingly, the Court will order Plaintiff to produce her state and federal income tax returns from January 1, 2010 to the present with supporting schedules and W2s.

Employment Records

Although Plaintiff does not object to executing the Employment Records Authorization attached to Production 54, she still objects to the request as being overly broad and proposed seeking to limit the scope of the authorization to a reasonable time period without delineating such time period. Accordingly, the Court will order Plaintiff to execute the Employment Records Authorization and limit the release from January 1, 2006 to the present.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Docket No. 29) is **GRANTED** in part for the reasons set forth in the instant memorandum. Plaintiff is directed to produce the materials in question within ten days of the date of this Memorandum and Order. The

materials may be produced subject to the protective order in place.  Failure to comply with this Order may result in the imposition of sanctions.

                                            /s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this  31st  day of December, 2013.